# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT BISULCA,** | : | CIVIL ACTION NO. 1:09-CV-2552 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WILLIAM SCHISM,** | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Robert Bisulca ("Bisulca"), a federal inmate confined at the Low Security Correctional Institution at Allenwood ("LSCI-Allenwood"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241on December 29, 2009. (Doc. 1.) He seeks an order compelling respondent to reconsider its decision concerning petitioner's pre-release custody placement in a residential re-entry center ("RRC") for the last twelve months of his sentence in accordance with the Second Chance Act of 2007 and grant him "one year of R.R.C. placement." (Doc. 2, at 2.) The petition is presently ripe for disposition. Based on the following, the petition will be dismissed without prejudice for failure to exhaust available administrative remedies.

## I. Procedural Background

Bisulca was sentenced on July 13, 1994, in the United States District Court for the Southern District of New York to a 240-month term of imprisonment for murder in aid of a continuing criminal enterprise in violation of 21 U.S.C. § 848(E)(1)(A) & 18 U.S.C. § 2. (Doc. 7-2, Declaration of Kendahl Gainer ("Gainer

Decl."), Federal Bureau of Prisons ("BOP") Case Manager, at 4, ¶ 2.) His projected release date is May 28, 2011, *via* good conduct time release. (Id. at 4-5, ¶ 3.)

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624 was signed into law. The Act increases the duration of pre-release placement in an RRC from six to twelve months and requires the BOP to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C) (Apr. 9, 2008).

Recommendations for RRC placement are ordinarily reviewed with the inmate and Unit Team seventeen to nineteen months prior to the inmate's probable release date. (Doc. 7-2, Gainer Decl., at 5, ¶ 4.) Referrals are then forwarded to the Community Corrections Manager at least sixty days prior to the maximum recommended date. (Id. at ¶ 5, citing BOP Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedures.) On July 16, 2009, and January 12, 2010, petitioner was informed by his unit team that he would be recommended for an RRC placement of 150-180 days. (Id. at 5-6, ¶ 7.) However, "[t]he official request . . . has not been forwarded to the Community Corrections Manager . . . , since it is premature according to policy guidelines." (Id. at 6, ¶ 8.) The recommended placement took into account Bisulca's "institutional programs and adjustment, educational level, disciplinary record, prior criminal record, work history, secured residence, and circumstances of his current offense. Given that

2

[he] has earned his high school diploma and has acquired other skills through the completion of several educational/vocation programs [ ]; that he has a secured residence with his wife, and that he has strong family ties; and that he has significant financial resources upon his release and several employment opportunities the Unit Team determined that a 150-180 day RRC placement is of sufficient duration to provide the greatest likelihood of success for [his] reintegration into the community." (Id. at ¶ 9.)

On August 10, 2009, Bisulca filed an administrative claim regarding the Second Chance Act and seeking twelve months of RRC placement. (Doc. 7-2, Declaration of Susan Albert ("Albert Decl."), BOP Paralegal Specialist, at 88, ¶ 7.) He filed an appeal on September 3, 2009, which was denied on October 2, 2009. (Id. at 88-89, ¶ 8.) He moved through the Regional Level and, on December 28, 2009, he filed an appeal to the Central Office. (Id. at 89, ¶ 10.) He filed the present petition on December 29, 2009. (Doc. 1.) He states in his traverse, which he forwarded to the court on February 4, 2010, that he is "still waiting for an answer from the B.O.P." (Doc. 8, at 5.)

**II. Discussion**

Although Section 2241 does not contain a statutory exhaustion requirement, courts in the United States Court of Appeals for the Third Circuit have consistently required a petitioner to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam));

e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required for the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted).

The exhaustion procedure to be utilized by federal inmates is the administrative remedy protocol established by the Bureau of Prisons ("BOP") and set forth at 28 C.F.R. §§ 542.10-542.19. Pursuant to this protocol, an inmate first must present his complaint to staff, and staff must attempt to resolve informally any issue before an inmate files a request for administrative relief. See 28 C.F.R. § 542.13(a). If informal resolution proves unsuccessful, the inmate may raise the complaint with the warden of the institution where he or she is confined. See id. An inmate has twenty calendar days from the date of the alleged injury within which to complete this informal resolution process. See 28 C.F.R. § 542.14(a). If an inmate is dissatisfied with the response received during the informal resolution process, he or she may appeal the decision to the Regional Office and the General Counsel of the BOP. See 28 C.F.R. § 542.15. A BOP decision is not final—and thus not reviewable—until relief has been denied by the General Counsel's Office. Id. If at any point an inmate misses a deadline imposed by federal regulations, BOP policy requires that the inmate seek an extension of time within which to file his or

her grievance.  See 28 C.F.R. § 542.14(b).  Acquisition of an extension requires that an inmate provide a "valid reason for the delay."  Id.

According to Bisulca, at the time he filed his petition he had was still awaiting an answer from his Central Office Administrative Remedy.  (Doc. 8, at 5.).  Clearly, he has not fully exhausted his request for administrative relief as the BOP's decision is not yet final, and thus not reviewable.

## III. **Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice to petitioner's right to file a new petition upon conclusion of administrative review.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      May 5, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT BISULCA,** | : | CIVIL ACTION NO. 1:09-CV-2552 |
| Petitioner | : | |
| v. | : | (Judge Conner) |
| **WILLIAM SCHISM,** | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 5th day of May, 2010, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed to CLOSE this case.

                                          S/ Christopher C. Conner
                                          CHRISTOPHER C. CONNER
                                          United States District Judge