# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT BISULCA,** | : | CIVIL ACTION NO. 1:09-CV-2552 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WILLIAM SCHISM,** | : | |
| Respondent | : | |

## **MEMORANDUM**

Petitioner Robert Bisulca ("Bisulca"), a federal inmate confined at the Low Security Correctional Institution at Allenwood ("LSCI-Allenwood"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241on December 29, 2009 (Doc. 1), seeking an order compelling respondent to reconsider its decision concerning his pre-release custody placement in a residential re-entry center ("RRC") for the last twelve months of his sentence in accordance with the Second Chance Act of 2007, and grant him "one year of R.R.C. placement." (Doc. 2, at 2.) On May 5, 2010, the petition was dismissed for failure to exhaust the administrative review process prior to petitioning for relief in federal court. (Doc. 11.) Bisulca now seeks reconsideration of the order of dismissal. (Doc. 14.) For the reasons set forth below, the motion for reconsideration will be granted, the memorandum and order of May 5, 2010, will be vacated and the petition will be considered on the merits.

**I.     Motion for Reconsideration**

    **A.     Standard of Review**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court's altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Such a motion is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT & T Nassau Metals Corp., 902 F.Supp. 523, 527 (M.D.Pa. 1995), vacated in part on other grounds on reconsideration , 915 F. Supp. 712 (M.D.Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983)). It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D.Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be

granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D.Pa. 1995).

**B. Discussion**

Bisulca argues that because he did, in fact, exhaust his request for administrative relief prior to the court's adjudication of this matter, the petition should be considered on the merits. (Doc. 14.) Specifically, he states that the BOP's final response, which was dated April 9, 2010, and received by him on April 15, 2010, was filed with the court on or about April 19, 2010, and that the court failed to take this into consideration in finding that he failed to exhaust. (Id. at 1.)

On August 10, 2009, Bisulca filed an administrative claim seeking twelve months of RRC placement in accordance with the Second Chance Act. (Doc. 7-2, Declaration of Susan Albert ("Albert Decl."), BOP Paralegal Specialist, at 88, ¶ 7.) He filed an appeal on September 3, 2009, which was denied on October 2, 2009. (Id. at 88-89, ¶ 8.) He moved through the Regional Level and, on December 28, 2009, he filed an appeal to the Central Office. (Id. at 89, ¶ 10.) He filed the present petition on December 29, 2009. (Doc. 1.) He stated in his traverse, which he forwarded to the court on February 4, 2010, that he was "still waiting for an answer from the B.O.P." (Doc. 8, at 5.) On May 5, 2010, the date on which the petition was dismissed for failure to exhaust the administrative review process, the April 15, 2010 final administrative response was not a part of the record.[1] In fact, it was not made a

---

[1] Bisulca's statement that he filed the final administrative response on or about April 19, 2010, is not supported by the record.

part of the record until it was submitted as an exhibit to Bisulca's May 17, 2010 motion for reconsideration. (Doc. 14, at 5.)

The court notes that, while he may have finally exhausted the administrative review process as of April 9, 2010, he failed to exhaust his administrative claim prior to instituting the present habeas action. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (concluding that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241"). Notwithstanding this failure, because he has now exhausted the process available to him, it would not further the goals supporting the exhaustion requirement to refuse to address his claim on the merits. See Moscato, 98 F.3d at 762. (listing the following goals: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy"). Consequently, the motion for reconsideration will be granted, the memorandum and order of May 5, 2010, will be vacated, and in the merits of Bisulca's petition will be considered.

## II.    **Merits of Habeas Petition**

### A.    **Background**

Bisulca was sentenced on July 13, 1994, in the United States District Court for the Southern District of New York to a 240-month term of imprisonment for murder in aid of a continuing criminal enterprise in violation of 21 U.S.C. §

848(E)(1)(A) & 18 U.S.C. § 2.  (Doc. 7-2, Declaration of Kendahl Gainer ("Gainer Decl."), Federal Bureau of Prisons ("BOP") Case Manager, at 4, ¶ 2.)  His projected release date is May 28, 2011, *via* good conduct time release.  (Id. at 4-5, ¶ 3.)

On April 9, 2008, the Second Chance Act of 2007, Pub. L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624 was signed into law.  The Act increases the duration of pre-release placement in an RRC from six to twelve months and requires the BOP to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community."  18 U.S.C. § 3624(c)(6)(C) (Apr. 9, 2008).

Recommendations for RRC placement are ordinarily reviewed with the inmate and Unit Team seventeen to nineteen months prior to the inmate's probable release date.  (Doc. 7-2, Gainer Decl., at 5, ¶ 4.)  Referrals are then forwarded to the Community Corrections Manager at least sixty days prior to the maximum recommended date.  (Id. at ¶ 5, citing BOP Program Statement 7310.04, Community Corrections Center Utilization and Transfer Procedures.)

On July 16, 2009, and January 12, 2010, petitioner was informed by his unit team that he would be recommended for an RRC placement of 150-180 days.  (Id. at 5-6, ¶ 7.)  However, "[t]he official request . . . has not been forwarded to the Community Corrections Manager . . . , since it is premature according to policy guidelines."  (Id. at 6, ¶ 8.)  The recommended placement took into account Bisulca's "institutional programs and adjustment, educational level, disciplinary record, prior criminal record, work history, secured residence, and circumstances

of his current offense. Given that [he] has earned his high school diploma and has acquired other skills through the completion of several educational/vocation programs [ ]; that he has a secured residence with his wife, and that he has strong family ties; and that he has significant financial resources upon his release and several employment opportunities the Unit Team determined that a 150-180 day RRC placement is of sufficient duration to provide the greatest likelihood of success for [his] reintegration into the community." (Id. at ¶ 9.)

**B.     Discussion**

Section 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.' " Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)). Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," Coady, 251 F.3d at 485. (quoting 28 U.S.C. §§ 2241(a) and (c) (3)). This includes a challenge to the BOP's decision to exclude an inmate from release to an RRC. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242, 243-44 (3d Cir. 2005) (quoting Jimian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001)).

The Bureau of Prisons has authority to determine inmate placements according to 18 U.S.C. §§ 3621(b) and 3624(c). Section 3621(b) gives the BOP authority to determine the location of an inmate's imprisonment by considering (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the sentencing court concerning the purpose for which the sentence was imposed or a recommendation of a particular type of correctional facility; (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28. Section 3624(c) "describes the BOP's obligation to prepare prisoners for community re-entry by, *inter alia*, placing them in community confinement." Woodall, 432 F.3d at 239. When considering an individual's eligibility for pre-release placement in an RRC, the BOP is required to ensure that decisions are made: (A) consistent with the five factors in 18 U.S.C. § 3621(b); (B) on an individualized basis; and (C) so that the duration of the placement period gives the inmate the greatest likelihood of successful community reintegration. 18 U.S.C. § 3624(c)(6).

Petitioner "ask[s] this Honorable Court to reverse the Bureau of Prison's decision and order the Bureau of Prison to review its earlier decision and grant me one year of R.R.C. placement." (Doc. 2, at 2.) He presents the following argument in support of his request: "My case required 'individualized determination'. [sic] Presently, I was held to a standard set by the B.O.P. My Team was only allowed to give me 150-180 days. Even if they thought I needed more time because the B.O.P. memorandum of April 14, 2008, and November 14, 2008. The Second Chance Act

unequivocally requires that the B.O.P. make an individualized assessment to reaching a conclusion in the determination fo R.R.C. placement.  See [18] U.S.C. 3624(c).  In my case, the Bureau failed to give me individualized consideration. . . ."  (Doc. 2, at 1.)

In cases such as the matter *sub judice*, where the RRC placement decision was made after the BOP issued the October 28, 2008 regulations, courts have consistently held that the Second Chance Act affords the BOP discretionary authority to transfer an inmate to an RRC, for up to twelve months prior to the inmate's release date, after considering the factors set forth in section 3621(b).  See Stokes v. Norwood, No. 10-5645, 2010 WL 1930581, at *6 (D.N.J. May 12, 2010) (collecting cases); see also, Wires v. Bledsoe, No. 09-2247, 2010 WL 427769, at * 4 (M.D. Pa. Feb.3, 2010) (finding that the record clearly established that petitioner's unit team gave petitioner individualized consideration for RRC placement consistent with the five factors of section 3621(b)).  In evaluating Bisulca's eligibility for RRC placement, his criminal offense history, marital status, institutional programming and adjustment, educational level, disciplinary record, prior criminal record, work history, secured residence, financial responsibility, mental and physical health, and circumstances of his current offense, see § 3621(b)(2), were reviewed by his unit team.  (Doc. 7-2, at 51-64.).  In addition, his personal history and characteristics were evaluated.  See § 3621(b)(3).  Also considered was the fact that there was no judicial recommendation regarding RRC.  See § 3621(b)(4) "Given that [he] has earned his high school diploma and has acquired other skills

through the completion of several education/vocational programs; that he has secured a residence with his wife and that he has strong family ties; and that he has significant financial resources upon his release and several employment opportunities, the Unit Team determined a 150-180-day RRC placement is of sufficient duration to provide the greatest likelihood of success for Bisulca's reintegration into the community." (Doc. 7 at 2, citing Doc. 7-2, at 51-64.) The record in this case clearly establishes that Bisulca's unit team gave him individualized consideration consistent with the factors of section 3621(b). Consequently, the petition for writ of habeas corpus will be denied.

### III. <u>Conclusion</u>

Based on the foregoing, the motion for reconsideration will be granted (Doc. 14), the memorandum and order of May 5, 2010 (Doc. 11) will be vacated and the petition for writ of habeas corpus (Doc. 1) will be denied.

An appropriate order follows.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      July 27, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT BISULCA,** | : | CIVIL ACTION NO. 1:09-CV-2552 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WILLIAM SCHISM,** | : | |
| Respondent | : | |

## ORDER

AND NOW, this 27th day of July, 2010, upon consideration of the motion for reconsideration (Doc. 14), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The motion for reconsideration (Doc. 14) is GRANTED.

2. The Clerk of Court is directed to REOPEN this matter and VACATE the court's memorandum and order of May 5, 2010 (Doc. 11).

3. The petition for writ of habeas corpus (Doc. 1) is DENIED.

4. The Clerk of Court is directed to CLOSE this case.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge